**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHARLYN LARONGE, | No. 14-35533 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01353-TSZ |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted February 10, 2017
Seattle, Washington

Before: PAEZ and CALLAHAN, Circuit Judges, and SELNA,[**] District Judge.

Sharlyn Laronge appeals the District Court's order affirming the denial of

her request for disability benefits by the Commissioner of the Social Security

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

Administration ("Commissioner"). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.[1]

Substantial evidence supports the finding of the Administrative Law Judge ("ALJ") that Laronge's mental health symptom statements were not entirely credible. Laronge made inconsistent representations regarding her substance abuse history, her reason for quitting school, and the basis of her disability claim. Additionally, Laronge minimized her criminal history during the administrative hearing. These facts alone provide a sufficient basis for the ALJ to make an adverse credibility determination and discount Laronge's statements regarding her symptoms. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) ("lack of candor" about substance abuse history); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (inconsistent statements); *see also United States v. Mayberry*, 913 F.2d 719, 722–23 (9th Cir. 1990) (affirming the district court's adverse credibility determination because the witness had been "less than entirely forthcoming"). The ALJ's reference to other reasons for discrediting Laronge that are arguably erroneous was harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (stating that an ALJ's citation to erroneous

---

[1] As the parties are familiar with the facts and procedural history, we restate them here only as necessary to explain our decision.

2

reasons is harmless so long as the "ALJ's remaining reasoning and *ultimate credibility determination* were adequately supported by substantial evidence in the record[]").

The fact that a number of medical professionals seemingly did not question Laronge's statements is of no consequence. "The ALJ is responsible for determining credibility . . . ." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In light of this, the Ninth Circuit has repeatedly affirmed adverse credibility determinations, even when the claimant's medical providers had not previously questioned the claimant's veracity. *See, e.g.*, *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226–28 (9th Cir. 2009); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039–42 (9th Cir. 2008); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599–603 (9th Cir. 1999). There is no reason to deviate from existing precedent in this case.

The rejection of the medical professionals' intimations that Laronge's mental impairments are disabling is also supported by substantial evidence. The medical professionals' opinions were based on Laronge's "subjective complaints and on testing within [her] control." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Furthermore, unlike the cases cited by Laronge, the ALJ here found the claimant not credible, a finding supported by substantial evidence. As a

3

result, it was reasonable for the ALJ to reject the disability opinions offered by the medical professionals who met with Laronge. *See Bray*, 554 F.3d at 1228; *Tommasetti*, 533 F.3d at 1040–42; *Tonapetyan*, 242 F.3d at 1149; *Morgan*, 169 F.3d at 602. Because a medical professional's reliance on an incredible claimant's representations provides a sufficient basis to reject that professional's opinion, the ALJ's citation to other reasons for rejecting the disability opinions in this case, even if error, was harmless. *See Carmickle*, 533 F.3d at 1162.

Although the ALJ did not cite Laronge's lack of credibility as a basis for discounting Dr. Ni's disability opinion, a remand is not warranted, as Dr. Ni's opinion was based on inputs that were not materially different from those relied upon by the other medical professionals. Therefore, the ALJ's reliance on Laronge's lack of credibility to reject the other professionals' opinions "appl[ies] with equal force to" Dr. Ni's. *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012). Thus, even if the ALJ's stated reasons for rejecting Dr. Ni's opinion were erroneous, such error was harmless and relief is not warranted. *See id.*

Finally, Laronge's argument that the ALJ erred in relying upon a reviewing doctor's opinion to set her mental residual functional capacity ("RFC") does not merit a reversal. First, Laronge waived this argument by not raising it in her opening brief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

4

Second, even if the argument was not waived, it is not meritorious. "[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti*, 533 F.3d at 1041. When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *See Thomas*, 278 F.3d at 954. Here, substantial evidence supports the ALJ's adverse credibility determination, as well as the discounting of the opinions from the medical professionals who met with Laronge. Therefore, in light of this, the ALJ reasonably relied upon the reviewing doctor's opinion to help set Laronge's RFC.

**AFFIRMED**.